IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOUELLA BITANNY, for herself and
on behalf of Buckee Bearson
Bitanny, decedent,

    Plaintiff,

v.                                                                                                                                             Civ. No. 05-0012 RLP/LFG

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion to Dismiss, filed in lieu of its Answer and pursuant to Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) or Fed.R.Civ.P. 12(b)(6) (failure to state a claim), and Fed.R.Civ.P. 12(b)(5) (insufficiency of service of process). For the reasons set forth below, Defendant's Motion is granted.

This action was filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq*. Plaintiff seeks monetary damages for the death of her son, Buckee Bitanny, who died in a traffic accident on June 21, 2002. More than two years later, on June 28, 2004 Plaintiff filed her administrative claim with the Bureau of Indian Affairs (BIA) in accordance with 28 U.S.C. § 2401. The BIA denied her claim by letter dated July 8, 2004. The federal complaint was filed on January 6, 2005.

Defendant asserts that the action is barred because the FTCA has a two-year limitation period for personal injury actions. §§ 2401(b), 2675(a). Defendant argues that because the accident occurred on June 21, 2002 and the administrative action was not filed until June 28, 2004, the cause is time-barred by one week.

Plaintiff counters with the following facts. The police report indicated that Buckee entered U. S. Highway 550 from a county side road. The San Juan County Sheriff's Department wrote the accident report concluding that Buckee failed to yield to highway traffic during daylight hours with good visibility.

Some six weeks after the accident, on August 1, 2002, Plaintiff was advised by a co-worker that the intersection where the accident occurred was partially blocked by a sign erected by the BIA for a summer school lunch program. Plaintiff spoke to the woman who had informed the co-worker of the sign and to other individuals after August 1, 2002. She argues that since she was unaware of the sign until August 1, 2002, her right of action did not accrue until that time; therefore, she concludes, her June 28, 2004 filing with the BIA was timely.

"An FTCA claim against the Federal Government must be 'presented in writing to the appropriate Federal agency within two years after such claim accrues.'" *Cannon v. United States*, 338 F.3d 1183, 1189 (10th Cir. 2003) (citing § 2401(b)).

> In the Tenth Circuit, the general rule for accrual of an FTCA claim outside the medical malpractice context is the "injury-occurrence rule." An FTCA tort claim accrues on the date of the injury's occurrence. A different rule, the discovery rule, applies only in the "exceptional case" where a reasonably diligent plaintiff could not immediately know of the injury and its cause. . . .

*Id.* at 1190 (internal citations, quotation marks, and brackets omitted).

Plaintiff argues that the discovery rule should be applied in this case because she was unaware of the BIA sign until August 1, 2002. The court finds that exceptional circumstances, warranting application of the discovery rule, do not exist in this case.

"[T]he discovery rule should be applied only when the injury is unknowable by its very essence, *i.e.*, its existence at the critical moment simply cannot be ascertained." *Dahl v. United States*, 319 F.3d 1226, 1229 (10th Cir. 2003). Such is not the case here. The sign was in plain view at the accident site and either Plaintiff, or someone on her behalf, could have visited the site and noted the possibility that the sign could impair a driver's vision. *See id.* (corporation's failure to monitor its property to discover tort indicated a lack of diligence and discovery rule would not be applied) (citing *Catellus Dev. Corp. v. United States*, 31 Fed. Cl. 399, 407 (1994)).

In short, the discovery rule "protects plaintiffs who are blamelessly unaware of their claim because the injury has not yet manifested itself or because the facts establishing a causal link between the injury and the [cause] are in the control of the tortfeasor." *Plaza Speedway, Inc. v. United States*, 311 F.3d 1262, 1267 (10th Cir. 2002).

Similarly, there is nothing in the record submitted to indicate why Plaintiff waited an additional two years after being apprised of the sign's potential for blocking visibility before she filed her complaint. The circumstances as set forth in the complaint and the Plaintiff's response brief indicate that all of the facts necessary for a claim were available to her on June 21, 2002 and that she was not reasonably diligent in pursuing her claim.

The statute of limitations provision of the FTCA constitutes a waiver of the government's sovereign immunity, is jurisdictional, and cannot be waived. *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). Because the court has no subject matter jurisdiction due to the untimeliness of the action, the other grounds asserted by Defendant are not addressed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant's Motion to Dismiss [Doc. 6] is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

                                                Richard L. Puglisi
                                    United States Magistrate Judge
                                        (sitting by designation)

For the Plaintiff:    Earl Mettler, Esq.

For the Defendant:  Cynthia L. Weisman, Esq.